IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

**ROGER BROOKS**, *Individually,*
*and on behalf of himself and other similarly*
*situated current and former employees*,

Plaintiff,

v.                                                                                          NO. _____

**JOERNS HEALTHCARE, LLC,**                                **FLSA Opt-In Collective Action**
*a Delaware Limited Liability Company,*                     **JURY DEMANDED**

Defendant.

## ORIGINAL COLLECTIVE ACTION COMPLAINT

   Named Plaintiff, Roger Brooks ("Plaintiff"), individually, and on behalf of himself and all others similarly situated as a class, brings this Fair Labor Standards Act ("FLSA") collective action against Joerns Healthcare, LLC ("Defendant") and shows as follows:

### I.  NATURE OF SUIT

1. This lawsuit is brought against Defendant as a collective action under the FLSA, 29 U.S.C. § 201, *et seq.*, to recover unpaid overtime compensation and other damages owed to Plaintiff and other similarly situated current and former Field Service Technicians of Defendant, as defined herein.

2. During all times material, Defendant violated the FLSA by failing to pay Plaintiff and those similarly situated for all hours worked over forty (40) per week within weekly pay periods at the rate of one and one-half times their regular rate of pay, as required by the FLSA.

3. Plaintiff brings this action as a collective action pursuant to 29 U.S.C. § 216(b).

1

## II. PARTIES

4. Plaintiff Roger Brooks was employed by Defendant as an hourly-paid Field Service Technician within this district at all times material to this collective action. Plaintiff Brooks' consent to join form is attached as *Exhibit A*.

5. Defendant, Joerns Healthcare, LLC, is a Delaware Limited Liability Company authorized to do business, and is currently doing business, in the State of Tennessee with its corporate offices located at 2430 Whitehall Park Drive (Suite 100), Charlotte, North Carolina 28273-3948. According to the Tennessee Secretary of State, Defendant may be served via its registered agent: C.T. Corporation System, 300 Montvue Road, Knoxville, Tennessee 37919-5546.

## III. JURISDICTION AND VENUE

6. This Court has jurisdiction over this lawsuit because the suit arises under 29 U.S.C. § 201 *et seq.*

7. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because Defendant does business in this district and Plaintiff was employed by and performed work for Defendant in this district during all times material to this action.

## IV. CLASS DESCRIPTION

8. Plaintiff brings this action on behalf of himself and the following similarly situated persons as a class:

> All current and former hourly-paid Field Service Technicians of Defendant during the applicable limitation's period (*i.e.* two (2) years for FLSA violations and three (3) years for willful FLSA violations) up to and including the date of final judgment in this matter including the Named Plaintiffs and those who elect to opt-in to this action pursuant to the FLSA,

29 U.S.C. § 216(b).  (Collectively, "the class").[1]

## V. COVERAGE

9. At all times hereinafter mentioned, Defendant has been an "employer" within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

10. At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

11. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), because Defendant has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had an annual gross volume of sales made or business done of not less than $500,000.

12. Throughout the applicable statutory recovery period, Defendant knew the law required that its employees be paid overtime compensation for each hour they worked over forty (40) in any given workweek.

13. At all times material to this action, Plaintiff and those similarly situated, as employees of Defendant, were engaged in commerce during all times material to this collective action.

14. At all times material to this action, Defendant has been the "employer" of Plaintiff and those similarly situated, as that term is defined by §203(d) of the FLSA.

15. At all times hereinafter mentioned, Plaintiff and those similarly situated were "employees"

---

[1] Plaintiff reserves the right to modify or amend the Class Description upon newly discovered information gathered through the discovery process.

3

of Defendant as that term is defined in the FLSA, and individual employees engaged in commerce or in the production of goods for commerce, as required by 29 U.S.C. §§ 206–207.

## VI.    FACTUAL ALLEGATIONS

16. Defendant is a fully integrated provider of services and products to post-acute care facilities.

17. Plaintiff Brooks was employed by Defendant as an hourly-paid Field Service Technician at all times material to this action.

18. As part of their job duties, Plaintiff and class members delivered medical-related supplies to post-acute facilities in small vans and other vehicles.

19. Plaintiff and class members regularly worked in excess of forty (40) hours per within weekly pay periods during the three (3) years preceding the filing of this collective action complaint.

20. Defendant had a common plan, policy and practice of working Plaintiff and class members "off-the-clock" without compensating them for such "off-the-clock" work at the applicable FLSA overtime rates of pay within weekly pay periods during all times material to this collective Action Lawsuit.

21. Such "off-the-clock" work time performed by Plaintiff and class members within weekly pay periods during all times material included, *inter alia*, the following:

    (a) Being required, forced, expected, encouraged and/or, suffered or permitted, to prepare work-related paperwork, log on to their assigned vehicle, sign onto a "click" program, etc., prior to "clocking-in" to Defendant's time keeping system, for which such "off-the-clock" work time Plaintiff and class members were not compensated at the

applicable FLSA overtime rates of pay within weekly pay periods during all times material to this lawsuit; and/or,

(b) Being required, forced, expected, encouraged and/or, suffered or permitted, to print-out, inspect, verify, one-by-one, and file daily delivery tickets into Defendant's filing cabinets after "clocking-out" of Defendant's time keeping system, for which such "off-the-clock" work time Plaintiff and class members were not compensated at the applicable FLSA overtime rates of pay within weekly pay periods during all times material to this complaint; and/or,

(c) Being required, forced, expected, encouraged and/or, suffered or permitted, to communicate by telephone, email, text messaging, etc. with supervisory and management personnel about work-related issues while "off-duty" and "clocked-out" of Defendant's time keeping system for which such "off-the-clock" work time Plaintiff and class members were not compensated at the applicable FLSA overtime rates of pay within weekly pay periods during all times material to this collective action.

22. Defendant was aware that Plaintiff and class members were engaged in the aforementioned "off-the-clock" work without being compensated for such work time at the applicable FLSA overtime rates of pay within weekly pay periods during all times material.

23. The aforementioned "off-the-clock" unpaid wage claims of Plaintiff and class members are unified through a common theory of Defendant's FLSA violations.

24. Defendant also had a common plan, policy and practice automatically "editing-out" a thirty (30) minute meal period during each work shift of Plaintiff and class members, irrespective of whether they were fully relieved of their job duties and/or, performed job duties, during such "edited-out" thirty (30) minute meal periods.

25. Plaintiff and class members were not fully relieved of their job duties and responsibilities and/or, performed job duties, during such "edited-out" thirty (30) minute meal periods for which times they were not compensated at the applicable FLSA and overtime compensation rate of pay within weekly pay periods during all times material.

26. Defendant was aware that Plaintiff and class members were not fully relieved of their job duties and/or, performed job duties, during such thirty (30) minute "edited-out" meal periods within weekly pay periods during all times material.

27. Nonetheless, Defendant failed to "edit-in" their uncompensated thirty (30) minute meal times into its time keeping system or, otherwise compensate Plaintiff and class members for such unpaid meal times when they were not fully relieved of their job duties and/or, performed job duties, during such unpaid meal break times.

28. The unpaid "edited-out" meal period claims of Plaintiff and class members are unified through a common theory of Defendant's FLSA violations.

29. Defendant's common plan, policy and practice of not compensating Plaintiff and class members for all their compensable overtime hours at the applicable FLSA overtime rates of pay violated the provisions of the FLSA, 29 U.S.C. § 207(a)(1).

30. Defendant's failure to compensate Plaintiff and class members for the aforementioned "edited-out" meal times when they were not fully relieved of their job duties or, performed job duties, during such meal times, and for the times they performed "off-the-clock" work in excess of forty (40) hours per week within weekly pay periods during all times, was willful with reckless disregard to the FLSA overtime requirements, and without a good faith basis for such conduct.

31. As a result of Defendant's lack of good faith and willful failure to pay Plaintiff and class

members in compliance with the requirements of the FLSA, Plaintiff and class members have suffered lost wages in terms of lost overtime compensation as well as other damages.

32. Defendant's common plan, policy and practice of not compensating Plaintiff and class members for all their compensable overtime hours at the applicable FLSA overtime rates of pay violated the provisions of the FLSA, 29 U.S.C. § 207(a)(1).

33. The net effect of Defendant's common plan, policy, and practice of practice of failing to pay Plaintiff and class members one-and one-half times their regular hourly rates of pay for all hours worked over forty (40), within weekly pay periods during all times material to this collective action, is it unjustly enriched itself and enjoyed ill-gained profits at the expense of Plaintiff and class members.

## VII. FLSA COLLECTIVE ACTION ALLEGATIONS

34. Plaintiff brings this case as a collective action on behalf of himself and other similarly situated individuals pursuant to 29 U.S.C. § 216(b) to recover unpaid overtime compensation, liquidated damages, statutory penalties, attorneys' fees and costs, and other damages owed.

35. Plaintiff seeks to pursue his aforementioned unpaid "off-the-clock" and "edited-out" overtime wage claims against Defendant on behalf of himself, individually, and on behalf of himself and all other similarly situated hourly-paid Field Service Technicians.

36. Plaintiff and class members are "similarly situated" for purposes of 29 U.S.C. §216(b) because, *inter alia*, Defendant employed a common pay system that resulted in a failure to pay Plaintiff and class members for all hours worked over forty (40) at one and one-half times their regular hourly rates of pay, as required by the FLSA.

37. This action is properly maintained as a collective action because Plaintiff is similarly

7

situated to the members of the collective class with respect to Defendant's time keeping, pay practices and compensation plans, policies and practices.

38. This action also is properly maintained as a collective action because the unpaid "off-the-clock" and "edited-out" wage claims of Plaintiff and class members are unified through common theories of Defendant's FLSA violations.

39. The collective action mechanism is superior to other available methods for a fair and efficient adjudication of this controversy. Defendant has acted or refused to act on grounds generally applicable to class members. The prosecution of separate actions could create a risk of inconsistent and varying adjudications, place a substantial and unnecessary burden on the courts and/or substantially impair the ability of class members to protect their interests.

40. Plaintiff will fairly and adequately protect the interests of the class as his interests are in complete alignment with those of class members, i.e. to pursue their aforementioned unpaid overtime compensation claims.

41. Counsel for Plaintiff will adequately protect his interests as well as the interests of all putative class members.

42. Defendant's conduct, as alleged herein, was willful with reckless disregard to the FLSA overtime requirements, which conduct caused significant damage to Plaintiff and the collective class.

43. Defendant did not have a good faith basis for its failure to compensate Plaintiff and class members for all their compensable overtime hours at the applicable FLSA overtime rates of pay within weekly pay periods during all times material to this action.

44. Therefore, Defendant is liable to Plaintiff and class members under the FLSA for failing to

properly compensate them for their aforementioned unpaid overtime pay.

45. Plaintiff requests this Court to authorize notice to the members of the collective class to inform them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid overtime compensation as well as liquidated damages under the FLSA, and the other relief requested herein.

46. Plaintiff estimates there are several hundred putative members of the collective class. The precise number of collective class members can be easily ascertained by examining Defendant's payroll, scheduling, timekeeping, personnel and other work-related records and documents.

47. Given the composition and size of the class, members of the collective class may be informed of the pendency of this action directly via U.S. mail, e-mail and by posting notice in all of Defendant's facilities.

48. Plaintiff and class members' unpaid overtime compensation claims may be determined partially by an examination of Defendant's payroll, scheduling, time keeping, personnel and other such work-related records and documents.

## COUNT I
**(Violation of the Fair Labor Standards Act)**

49. Plaintiff incorporates by reference all preceding paragraphs as fully as if written herein.

50. At all times material, Plaintiff and class members have been entitled to the rights, protections, and benefits provided under 29 U.S.C. § 201, *et seq.*

51. Defendant has been an "employer" engaged in interstate commerce consistent with 29 U.S.C. § 206(a) and 207(a). Plaintiff and class members also have engaged in interstate commerce during all times material to this action.

52. At all times material, Defendant was an "employer" of Plaintiff and each of the class

members, as such term is defined by the FLSA.

53. Plaintiff and class members were "employees" of Defendant within the meaning of the FLSA's overtime wage requirements.

54. Plaintiff and class members have been similarly situated individuals within the meaning of the FLSA, 29 U.S.C. § 216(b) at all relevant times, as previously described.

55. As a result of Defendant's common plan, policy and practice of "editing-out" thirty (30) minute meal break periods of Plaintiff and class members during which times they performed job duties and/or, were not fully relieved of their job duties and, its failure to compensate them for such "edited-out" work time at the applicable FLSA overtime compensation rates of pay, as previously described, it has violated the FLSA and is liable to them for such unpaid overtime compensation.

56. Also, as a result of Defendant's common plan, policy and practice of requiring, forcing, expecting, encouraging and/or, suffering and permitting, Plaintiff and class members to perform "off-the-clock" work and its failure to compensate them for their "off-the-clock" work time at the applicable FLSA overtime compensation rates of pay, as previously described, it has violated the FLSA and is liable to them for such unpaid overtime compensation.

57. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half (1.5) times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week.

58. Through its actions, plans, policies and practices Defendant violated the FLSA by regularly and repeatedly failing to compensate Plaintiff and class members for all hours worked in excess of forty (40) per week at one and-one half times their regular hourly rates of pay

within weekly pay periods during all times material to this Complaint, as required by the FLSA.

59. Defendant's actions were willful with reckless disregard to clearly applicable FLSA provisions.

60. Defendant's actions were not in good faith.

61. The unpaid overtime "off-the-clock" and "edited-out" claims of Plaintiff and the class are unified through common theories of Defendant's FLSA violations.

62. As a direct and proximate cause of Defendant's unlawful conduct, Plaintiff and class members have suffered and will continue to suffer a loss of income and other damages.

63. Therefore, Defendant is liable to Plaintiff and other members of the class for actual damages, liquidated damages and equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs and expenses.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and class members request the Court to enter judgment in their favor on this Complaint and:

a) Award Plaintiff and class members all unpaid overtime compensation against Defendant;

b) Find and declare that Defendant's violations of the FLSA were willful, and accordingly, the three (3) year statute of limitations under the FLSA applies to this action;

c) Award Plaintiff and class members liquidated damages in accordance with the FLSA;

d) Award prejudgment interest (to the extent that liquidated damages are not awarded);

e) Award Plaintiff and the class members reasonable attorneys' fees and all costs of this action, to be paid by Defendant, in accordance with the FLSA;

f) Award post-judgment interest and court costs as allowed by law;

g) Enter an Order designating this action as an opt-in collective action under the FLSA;

h) Enter an Order directing the issuance of notice to putative class members pursuant to 29 U.S.C. § 216(b) for the claims of the class;

i) Allow Plaintiff to amend his Complaint, if necessary, as new facts are discovered;

j) Provide additional general and equitable relief to which Plaintiff and class members may be entitled; and

k) Provide further relief as the Court deems just and equitable.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a **TRIAL BY JURY** on all issues so triable.

Dated: October 28, 2020.                     Respectfully Submitted,

*s/Gordon E. Jackson*
Gordon E. Jackson (TN BPR #8323)
J. Russ Bryant (TN BPR #33830)
Robert E. Turner, IV (TN BPR #35364)
**JACKSON, SHIELDS, YEISER, HOLT OWEN & BRYANT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Telephone: (901) 754-8001
Facsimile: (901) 754-8524
*gjackson@jsyc.com*
*rbryant@jsyc.com*
*rturner@jsyc.com*

*ATTORNEYS FOR PLAINTIFF AND FOR OTHERS SIMILARLY SITUATED*